FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 31 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL O'LEARY

                        Plaintiff(s),

-against-

THE CITY OF NEW YORK, DISTRICT ATTORNEY
OF QUEENS COUNTY and POLICE OFFICER,
BENJAMIN COLOBONG,
                      Defendant(s).
-----------------------------------------------------------X

Civil Action No. (S1)

COMPLAINT

JURY TRIAL DEMANDED,

CV 11 1578

AMON, M.

## COUNT ONE

1.    Plaintiff, Michael O'Leary complains of the defendants, The City of New York, The District Attorney of Queens County, and Police Officer, Benjamin Colobong, 109th Precinct, that they violated certain civil rights guaranteed to the plaintiff through the false arrest, malicious prosecution, excessive force and the infliction of the intentional infliction of mental distress and the assault and battery forced upon the plaintiff, Michael O'Leary by The City of New York, the District Attorney of Queens County, Police officer Colobong and other unnamed police officers of the Police Department of the City of New York, all done without probable cause and all in violation of the plaintiff, Michael O'Leary's Civil Rights, pursuant to 42 U.S.C. Sec. 1983.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. Sec. 1983. This court's jurisdiction is invoked pursuant to this statutory section.

3.    The Court's pendent jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1367.

### PARTIES

4.    The plaintiff, Michael O'Leary was at all times relevant a citizen of the United States and a resident of Queens County, State of New York.

1

5. The City of New York was at all times relevant a municipal corporation with its immediate headquarters in New York County, New York.

6. Police Officer, Benjamin Colobong was at all times relevant, a Police Officer employed by the New York City Police Department in Queens County, 109th Precinct.

## FACTS AND BACKGROUND

7. The plaintiff, Michael O'Leary has at all times relevant to this case resided in the County of Queens at 249 Beach 128th Street, Belle Harbor, New York, 11694. On or about May 1, 2008, Mr. O'Leary was coming with one colleagues or supervisor, Steve Cummings both connected with the DEP, Department of Environmental Protection of the City of New York from a boathouse in College Point. He left with Mr. Cummings at about 12:00 a.m. He was not driving but was in the car sleeping in the backseat. Mr. Meyer, another supervisor was following in another car.

8. Mr. Cummings was driving the plaintiff to his home in Rockaway Beach. They pulled over to ask for directions. The car was brought to a stop and the plaintiff was not driving. The plaintiff got out of the car and Mr. Cummings, who was driving, also got out. Mr. Meyer had also come to a stop and gotten out of his car. At this point, suddenly two police cars pulled over to the car where plaintiff was standing on the side and the Police Officers asked the plaintiff whose car it was and who where the keys were. Mr. Cummings said it was the plaintiff's car. However Mr. Cummings had the keys and the plaintiff at no time ever drove the car. The police officers asked for the keys and the entire period of time, the plaintiff and the other were outside the car and at no time was the plaintiff seen inside the car driving.

9. Apparently, there had been a 911 call which resulted in the police approaching this car and three people were outside the vehicle when the police showed up. To be specific, Mr. Steve Cummings was driving, who was the plaintiff's supervisor at the New York City Environmental

2

Protection Agency where the plaintiff worked as a watershed maintainer. The plaintiff had been working in the Department of Environmental Protection for four years. It was Steve Cummings who was driving the plaintiff home, who was in the back seat, and William Meyer, another supervisor was following in another car.

10. The plaintiff was arrested for driving while intoxicated and charged with VTL Secs. 1192-2, -3. This arrest occurred approximately between 1:15 and 1:30 in the morning of May 2, 2008. In the grand jury, Police Officer Benjamin Colobong testified on January 27, 2009 that Mr. O'Leary came out of the vehicle, went to the sidewalk, was swaying from side to side and, had watery or blood shot eyes and a strong alcohol smell on his breath. Police Officer Colobong stated that the plaintiff O'Leary stated that he was drinking and driving home. No one else was arrested but the plaintiff.

11. At the trial before the Hon. Kenneth Holder, the same officer stated that the plaintiff was seen outside the car leaning on the car. Subsequently thereafter, the case was totally dismissed by Judge Holder who stated that the Police Officer had no grounds or credibility to sustain this arrest.

12. The plaintiff resigned his position from the Department of Environmental Protection on July 21, 2009 and at that time had a salary of $55,000.00 per year. Prior to this resignation, plaintiff had been suspended for one year from July 21, 2008 to July 21, 2009. It was three months prior to July 21, 2008 that plaintiff had no income. After the plaintiff's resignation, the plaintiff obtained another job for three months as a bar tender in Long Island City.

13. After that, the plaintiff collected unemployment insurance of $300.00 per week. The plaintiff, it should be noted, after his arrest was brought to 109th precinct, handcuffed and patted

3

down and held for one day at Queens House of Detention. The plaintiff present pays and has paid for his own medical insurance at the rate of $480.00 per month.

14. The case was dismissed by Judge Holder on June 9, 2010 and sealed.

15. During the period of time after his arrest, the plaintiff as humiliated by having to appear in court many times, surrounded by court officers at each appearance. As a result of this arrest, the plaintiff lost his job with the Department of Environmental Protection of the City of New York and has not obtained another one since then. The plaintiff has suffered emotionally as a consequence of this arrest with severe depression, anxiety, and loss of sleep. The plaintiff's life will never be the same.

16. This arrest was made without probable cause on the part of the Police Department and was in total violation of Mr. O'Leary's constitutional and civil rights. The case was totally dismissed and the arrest was a false one.

17. The subsequent prosecution of Mr. O'Leary was no more than a malicious prosecution on the part of the Queens County District Attorney's office, as a result of this false arrest. The New York City Police department and the officers in this case intentionally caused Mr. O'Leary great mental harm.

18. Not only was this arrest false, but undue and excessive force was inflicted by the members of the New York City Police Department upon Mr. O'Leary who never had anything like this happen to him before.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE CITY OF NEW YORK

19. Paragraphs 1-19 are incorporated herein by reference.

20. The City of New York, through The New York City Police Department, has engaged in a pattern of illegal and false arrests, without probable cause, for some time against a large number

4

of individuals. The City of New York, through The New York City Police Department, has had a custom and policy of making illegal and false arrests with excessive force, without probable cause, in violation of those persons civil rights. Those arrests have been dismissed in court.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE INDIVIDUAL POLICE OFFICERS, POLICE OFFICER BENJAMIN COLOBONG AND THE CITY OF NEW YORK

21. Paragraphs 1-21 are incorporated herein by reference.

22. Mr. O'Leary, as a result of her arrest, without probable cause, perpetrated by a number of Officers, including Officer, Benjamin Colobong, was falsely arrested completely without probable cause. The City of New York, because of its custom and policy of tolerating this particular type of false arrest, condoned and participated in the false arrest of the plaintiff, Michael O'Leary.

## AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE INDIVIDUAL POLICE OFFICERS, POLICE OFFICER BNJAMIN COLOBONG AND THE CITY OF NEW YORK

23. Paragraphs 1-23 are incorporated herein by reference.

24. This arrest of the plaintiff, Michael O'Leary, the search of him by officers of the New York City Police Department, and the handcuffing of him, constituted excessive force and the tort of assault and battery. Since the arrest was totally without legal foundation and should not have occurred, the City of New York through its custom, policy and toleration of this type of police conduct, participated in, and condoned the excessive force used and inflicted on the plaintiff, Michael O'Leary.

## AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE INDIVIDUAL POLICE OFFICERS, POLICE OFFICER BENJAMIN COLOBONG, THE CITY OF NEW YORK, AND QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE

25. Paragraphs 1-25 are incorporated herein by reference.

26. The named defendant herein, all acting together, and in conspiracy, intentionally caused the plaintiff, Michael O'Leary, great mental suffering, including loss of sleep, depression, humiliation, and anxiety. This infliction of mental distress was outrageous and beyond the bound of civilized conduct.

### AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE

27. Paragraphs 1-27 are incorporated herein by reference.

28. The prosecution of the plaintiff, Michael O'Leary, and his being forced to appear in court, was a malicious prosecution without legal basis.

WHEREFORE, plaintiff, Michael O'Leary, requests that this Court:

(a) Award compensatory damages against defendants, each of them, jointly and severally in the amount of $5,000,000.

(b) Award punitive damages against the defendants jointly and severally in the amount of $5,000,000

(c) Award cost of action, including attorney's fees, to plaintiff;

(d) Award such other and further relief as this Court may deem appropriate;

A jury trial is demanded.

Dated: Jericho, New York
      March 28, 2011

_____
Andrew J. Schatkin
LAW OFFICES OF ANDREW J. SCHATKIN
350 Jericho Turnpike
Jericho, NY 11753
(516)932-8120

6