UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAEL O'LEARY,

               Plaintiff,

   -against-

THE CITY OF NEW YORK, DISTRICT
ATTORNEY OF QUEENS COUNTY and
POLICE OFFICER BENJAMIN COLOBONG,

               Defendants.
---------------------------------------------------------------X

MEMORANDUM AND ORDER

11-CV-1578 (WFK) (RML)

**WILLIAM F. KUNTZ, II, United States District Judge**

     Michael O'Leary ("Plaintiff") commenced this action against the City of New York (the "City"), the District Attorney of Queens County (the "District Attorney"), and New York City Police Department ("NYPD") Officer Benjamin Colobong ("Officer Colobong") (collectively "Defendants"), alleging that Defendant violated his civil rights by arresting and prosecuting him for driving while intoxicated. Plaintiff seeks recovery, under 42 U.S.C. § 1983, for false arrest, excessive force, and malicious prosecution. Plaintiff asserts a *Monell* claim against the City for its alleged custom and policy of making illegal and false arrests. Plaintiff also brings a state law claim for intentional infliction of emotional distress against all Defendants. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, Defendants' motion is granted in its entirety.

**I.    Factual Background**

     On May 1, 2008, after leaving work, Plaintiff met a couple of coworkers at a boat yard to help them sand a boat. Aff. of Michael O'Leary in Supp. of Denial of Defs.' Mot. for Summ. J.

("Pl.'s Aff."), at ¶ 3; Defs.' St. Pursuant to Local R. 56.1 ("Defs.' 56.1 St."), at ¶ 10. Plaintiff arrived between 4 and 5 P.M., and began drinking beers "within the first two hours" of his arrival. Defs.' 56.1 St., at ¶ 10; St. of Pl. Pursuant to Local R. 56.1 ("Pl.'s 56.1 St."), at ¶ 10. Plaintiff does not recall how many beers he drank that evening, Defs.' 56.1 St. at ¶ 11; Pl.'s 56.1 St. at ¶ 11, and he admits he did not have any dinner. Defs.' 56.1 St. at ¶ 12; Pl.'s 56.1 St. at ¶ 12.

Later that night or early the next morning, the NYPD received a 911 call reporting that a man was slumped over the wheel unconscious in a gray Volkswagen two-door sedan. Defs.' 56.1 St. at ¶ 18; Pl.'s 56.1 St. at ¶ 18. Officer Colobong was dispatched to the scene. When he arrived, Plaintiff was standing on the driver's side of the vehicle. Declaration of Curt P. Beck ("Beck Decl."), Ex. E (Deposition of Officer Colobong ("Colobong Dep.")), at 49:2–14, 55:22–23; Pl.'s Aff. at ¶ 7. Plaintiff was "swaying side by side, his face flushed, [with] bloodshot eyes [and] clothes disarranged," and he smelled of alcohol. Beck Decl., Ex. C (arrest paperwork); *see also* Colobong Dep. at 55:25, 57:14–17 (noting that Plaintiff was "swaying back and forth" and had "bloodshot, watery eyes"); *see also* Beck Decl., Ex. D (Deposition of Michael O'Leary ("O'Leary Dep.")), at 109:2–22 (admitting that he was intoxicated). Plaintiff admitted to Officer Colobong that "he had drank and he was driving home." Colobong Dep. at 64:2–5, 71:4–6; *see also* Beck Decl., Ex. C (arrest paperwork).[1]

---

[1] Although Plaintiff admits in his affidavit that he told Officer Colobong he had been drinking, he sharply disputes that he said he had been driving. Pl.'s Aff. at ¶ 8. However, in his deposition, Plaintiff admitted that he could not remember whether he had told Officer Colobong that he was drinking and driving. O'Leary Dep. at 204:13–19. Plaintiff also admits that he told the Court that he could not remember the specifics of the night of his arrest because he was intoxicated. *Id.* at 109:4–110:14. It is well established that "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City Dept. of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Plaintiff has not cited any evidence in the record, besides his affidavit, supporting his contention that he did not tell Officer Colobong that he had been driving. For that reason, this Court concludes that Plaintiff's claim in his affidavit that he did not admit that he had been driving does not create an issue of fact.

2

While Officer Colobong was speaking with Plaintiff, two men who were standing on the sidewalk next to the vehicle told Officer Colobong's partner, NYPD Officer Martin Ackley, that they were Plaintiff's friends, they had been working on a boat together earlier that day, they had been drinking and, at some point, they noticed Plaintiff and his vehicle were missing and went to look for Plaintiff. Beck Decl., Ex. F (Deposition of Martin Ackley ("Ackley Dep.")), at 16:23–17:18, 18:16–19:3, 20:9–13, 29:2–9. The men said they found Plaintiff in the driver's seat of his vehicle, parked in the location where the police found the vehicle. *Id.* at 19:6–14.

Plaintiff was arrested, and was placed in handcuffs, for operating a motor vehicle while under the influence of alcohol and for driving while intoxicated. Compl. at ¶ 10, 24. At the precinct, Plaintiff was given a breathalyzer test, which indicated he had a blood alcohol content of .195%, Defs.' 56.1 St. at ¶¶ 13, 30; Pl.'s 56.1 St. at ¶ 13, well above the legal limit of .08%. NYVTL § 1192(2).

Plaintiff was indicted by a Grand Jury for violating: (1) New York Vehicle and Traffic Law ("NYVTL") § 1192(2) (operating a motor vehicle while under the influence of alcohol), (2) NYVTL § 1192(3) (same), and NYVTL § 1192(2-a) (aggravated driving while intoxicated). Defs.' 56.1 St. at ¶ 6; Pl.'s 56.1 St. at ¶ 6. On June 9, 2010, the criminal case against Plaintiff was dismissed. Defs.' 56.1 St. at ¶ 7; Pl.'s 56.1 St. at ¶ 7.

Plaintiff commenced this § 1983 action on March 31, 2011, seeking damages for false arrest, excessive force, and malicious prosecution. Plaintiff also asserts a *Monell* claim against the City and a state law claim for intentional infliction of emotional distress against all Defendants.

II.     Discussion

    A.     **Summary Judgment Standard**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried. In determining whether summary judgment is appropriate, this Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal citations and quotation marks omitted). No genuine issue of material fact exists "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

If the moving party satisfies this burden, the non-moving party must "make a showing sufficient to establish the existence of [each] element to that party's case . . . since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chandok v. Klessig*, 632 F.3d 803, 812 (2d Cir. 2011) ("Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements become immaterial and cannot defeat a motion for summary judgment."). Importantly, if the evidence produced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted).

B.  **False Arrest**

"To establish a claim under § 1983 for false arrest a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." *Carson v. Lewis*, 35 F. Supp. 2d 250, 257 (E.D.N.Y. 1999) (Seybert, J.) (citing *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995)). The existence of probable cause is a complete defense to a § 1983 claim for false arrest. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Singer*, 63 F.3d at 118.

A police officer has probable cause to arrest when he has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3 at 852. The validity of an arrest does not depend upon a finding that the arrested person is guilty. *Pierson v. Ray*, 386 U.S. 547, 555 (1967). Rather, a determination of the existence of probable cause "turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time." *Maryland v. Macon*, 472 U.S. 463, 470 (1985) (internal citation omitted). The existence of probable cause may be determined as a matter of law provided there is no factual dispute regarding the pertinent events and the knowledge of the officers. *See, e.g., Singer*, 63 F.3d at 118–19 (affirming dismissal of false arrest claim on the ground that the facts supporting store owner's complaint of theft established probable cause).

In this case, no reasonable jury could find that Defendants lacked probable cause to arrest Plaintiff for operating a motor vehicle while under the influence of alcohol and driving while intoxicated. The undisputed evidence, corroborated by Plaintiff's own admission, plainly

5

establishes that Plaintiff was intoxicated and driving on the night of his arrest. O'Leary Dep. at 109:2–22, 204:13–19; Colobong Dep. at 64:2–5, 71:4–6 (Plaintiff admitted "he had drank and he was driving home."); *see also* Beck Decl., Ex. C (arrest paperwork). Based on Plaintiff's own admission and his clearly intoxicated state, Officer Colobong had probable cause to arrest Plaintiff for operating a motor vehicle while under the influence of alcohol and driving while intoxicated.[2] Defendants are therefore entitled to summary judgment on Plaintiff's claim of false arrest.

### C. Excessive Force

The Supreme Court has held that in the context of arrests, "claims that law enforcement officers have used excessive force . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). To prevail on a Fourth Amendment excessive force claim, a plaintiff must show that the amount of force used by police was "objectively unreasonable in light of the facts and circumstances confronting [the officers], without regard to [their] underlying intent or motivation." *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006) (citing *Graham*, 490 U.S. at 397) (internal quotation marks omitted).

Plaintiff alleges that he was subjected to assault, battery, and excessive force. Compl. at ¶ 24. However, Plaintiff's sole allegation of force is that he was searched and handcuffed. *Id.* Plaintiff does not allege that any other force was used against him, nor does he allege that he was injured. *See* Compl.; Defs.' 56.1 St. at ¶ 35. It is well-established that a search and handcuffing of an arrestee, without more, is insufficient to support a federal claim for excessive force. *See*

---

[2] In his affidavit, Plaintiff claims that his coworker, Steve Cummings, told the police that Mr. Cummings had been driving and that, at the officers' request, Mr. Cummings handed Plaintiff's car keys to the police. Pl.'s Aff. at ¶ 8. These statements are inadmissible hearsay, and there is no admissible evidence in the record—no deposition of or affidavit from Mr. Cummings—to support these claims. Accordingly, the court disregards this portion of Plaintiff's affidavit. *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.").

*Lemmo v. McKoy*, No. 08-CV4264, 2011 WL 843974, at *5 (E.D.N.Y. Mar. 8, 2011) (Dearie, J.) ("[T]he Second Circuit and district courts in the Circuit recognize the concept of '*de minimis*' injury and, when the injury resulting from alleged excessive force falls into that category, the excessive force claim is dismissed."); *Chevalier v. City of New York*, No. 11 Civ. 1511, 2011 WL 4831197, at *3 (S.D.N.Y. Oct. 12, 2011) (Sand, J.) ("[S]tanding alone, even tight handcuffing—which plaintiff does not allege—is insufficient to support an excessive force claim."). Police, of course, have the authority to conduct a search incident to arrest and suspects are routinely handcuffed in the course of such arrests. *United States v. Robinson*, 414 U.S. 218, 224 (1973) ("It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment."); *Esmont v. City of New York*, 371 F. Supp. 2d 202, 214 (E.D.N.Y. 2005) (Sifton, J.) (noting that reasonable arrests "frequently" involve handcuffing the suspect). Thus, absent any allegation suggesting that any force was used against Plaintiff other than the constitutionally permissible search incident to arrest and handcuffing, Plaintiff's excessive force claim is dismissed.

### D. Malicious Prosecution

It is beyond dispute that a prosecutor who acts "within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)). Only if a prosecutor acts "without any colorable claim of authority," or performs administrative or investigative functions, does he or she lose absolute immunity. *Id.*; *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995).

In this case, Plaintiff contends that he was maliciously prosecuted by members of the Queen's District Attorney's Office because "[i]t is quite clear that this prosecution, which was quite

7

extensive and extended, must have involved investigative duties on the part of the prosecution, as well as administrative duties." Pl.'s Br. at 18–19. This bare conclusory statement, without any factual support, is insufficient to state a claim for malicious prosecution, much less survive summary judgment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009). Moreover, the available evidence indicates that the prosecutors in this case acted within the scope of their duties. Plaintiff's malicious prosecution claim is therefore dismissed with prejudice.

E. **Intentional Infliction of Emotional Distress**

Under New York General Municipal Law § 50, no personal injury action may be maintained against a city or its officers, agents, or employees unless a notice of claim is first served upon the city. N.Y. Gen. Mun. L. §§ 50-e, 50-i(1); *Hyde v. Arresting Officer Caputo*, No. 98 CV 6722, 2001 WL 521699, at *4 (E.D.N.Y. May 11, 2001) (Block, J.) ("Under New York law, a notice of claim is a mandatory precondition to bringing a tort claim against a municipality or any of its officers, agents or employees."); *Cleghorne v. City of New York*, 99 A.D.3d 443, 446, 952 N.Y.S.2d 114, 117 (N.Y. App. Div. 1st Dep't 2012) (dismissing action against public employees). "Notice of claim requirements are strictly construed by New York state courts," and failure to provide a notice of claim generally requires dismissal of a plaintiff's state law claims. *See Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793–94 (2d Cir. 1999) (internal quotation marks omitted).

In this case, there is no evidence that Plaintiff filed a notice of claim or otherwise complied with New York General Municipal Law § 50. Indeed, Plaintiff argues that "a Notice of Claim need not be filed" because this Court may exercise supplemental jurisdiction over Plaintiff's claim of intentional infliction of emotional distress. Pl.'s Br. at 14. However, this Court's supplemental jurisdiction does not override New York's notice of claim requirement. *See Hardy*, 164 F.3d at 793–

94 (federal courts in New York are required to apply New York's notice-of-claim statute); *see also Felder v. Casey*, 487 U.S. 131, 151 (1988) ("[F]ederal courts entertaining state-law claims against . . . municipalities are obligated to apply the [state] notice-of-claim provision."). Because, "a notice of claim is a mandatory precondition to bringing a tort claim against a municipality or any of its officers, agents or employees," *Hyde*, 2001 WL 521699, at *4, and Plaintiff failed to comply with this precondition, Plaintiff's claim for intentional infliction of emotional distress is dismissed.

### F. Municipal Liability Under *Monell*

To state a claim for municipal liability under *Monell*, a plaintiff must show (1) a violation of his constitutional rights, and (2) that the violation was caused by a municipal policy or custom. *See Sheikh v. City of New York Police Dep't*, Nos. 03–CV–6326 and 05-CV-4718, 2008 WL 5146645, at * 11 (E.D.N.Y. Dec. 5, 2008) (Garaufis, J.) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). Because this Court has already concluded, *supra*, that Plaintiff has not suffered any violation of his constitutional rights, his *Monell* claim must be dismissed.

### III. Conclusion

Defendants' motion for summary judgment is granted in its entirety, and Plaintiff's claims are dismissed with prejudice. Because no claims in this case survive summary judgment, the Clerk is directed to enter judgment in favor of Defendants and close the case.

**SO ORDERED**

Dated: Brooklyn, New York
      April 10, 2013

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge